IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

MICHELLE DAVIS, )
           Plaintiff, )
)
vs. ) No. 05-5092-CV-SW-FJG
)
MICHAEL BLUMENTHAL, )
           Defendant. )

# ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 35).

## I. Background

Plaintiff alleges that while she was confined in the Stone County Jail, defendant Blumenthal, a deputy sheriff and jailer of Stone County, Missouri, sexually abused, harassed, and assaulted her on different occasions. See Doc. No. 1, Ex. A., pp. 2-3. In his motion for summary judgment, defendant argues that no reasonable juror would find in favor of plaintiff because she has no witnesses who can corroborate her claims of sexual assault. See Doc. No. 36, pp. 6-7.

## II. Summary Judgment Standard.

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The

moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

**III. Discussion.**

After considering defendant's motion and suggestions in support (Doc. Nos. 35 and 36), plaintiff's response (Doc. No. 39), and defendant's reply (Doc. No. 54), the Court finds that genuine issues of material fact remain. Therefore, defendant's motion for summary

2

judgment (Doc. No. 35) is **DENIED.**

    **IT IS SO ORDERED.**


Date: July 25, 2006                              S/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                                 United States District Judge