# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

MICHELLE DAVIS, )
          Plaintiff, )
)
vs. ) No. 05-5092-CV-SW-FJG
)
MICHAEL BLUMENTHAL, )
          Defendant. )

# ORDER

Pending before the Court is Defendant's Motions in Limine (Doc. No. 62). Plaintiff filed no opposition to the pending motions. Defendant's motion (Doc. No. 62) is **GRANTED IN FULL**, as detailed below.

(1) Defendant seeks to exclude during the course of trial evidence as to the possible existence of insurance. Having reviewed the submissions of the parties, the Court finds in favor of defendant as to this issue. Therefore, defendant's motion (Doc. No. 62) is **GRANTED** as it concerns the existence of insurance.

(2) Defendant seeks to exclude during the course of trial inquiry of any witness or party regarding the facts or substance of conversations he or she may have had with his or her attorney concerning matters related to this lawsuit. Having reviewed the submissions of the parties, the Court finds in favor of defendant as to this issue. Therefore, defendant's motion (Doc. No. 62) is **GRANTED** as to this issue.

(3) Defendant seeks to exclude during the course of trial any reference to the issue of whether defendant has been a defendant in any other civil lawsuit or whether any defendant has been the subject of any other claims that defendant violated the civil rights of another. In particular, defendant seeks to exclude evidence related to the existence of the following lawsuits: (a) <u>Tally v. Blumenthal</u>, W.D. Mo. 03-5099, a case which settled prior to trial without any admission of liability by defendant Blumenthal; and (b) <u>L.M. v. Hunter and Blumenthal</u>, W.D. Mo. 05-5058, a case currently pending before Magistrate

Judge Sarah W. Hayes and which remains unresolved. Having reviewed the submissions of the parties, the Court finds in favor of defendant as to this issue. Therefore, defendant's motion (Doc. No. 62) is **GRANTED** as to this issue.

(4) Defendant seeks to exclude any reference to the existence or details of settlement negotiations between the parties. Having reviewed the submissions of the parties, the Court finds in favor of defendant as to this issue. Therefore, defendant's motion (Doc. No. 62) is **GRANTED** as to this issue.

(5) Defendant seeks to exclude during the course of trial any testimony from any expert witness who has not previously been designated and has not filed a written report pursuant to Federal Rule of Civil Procedure 26(a)(2). Having reviewed the submissions of the parties, the Court finds in favor of defendant as to this issue. Therefore, defendant's motion (Doc. No. 62) is **GRANTED** as to this issue.

(6) Defendant seeks to exclude during the course of trial any testimony regarding (a) whether any party submitted to a polygraph examination, (b) the substance of any questions that were asked during the course of any such examination, and (c) the outcome of any polygraph examination as to whether the examiner concluded the witness was truthful during such examination. Having reviewed the submissions of the parties, the Court finds in favor of defendant as to this issue. Therefore, defendant's motion (Doc. No. 62) is **GRANTED** as to this issue.

(7) Defendant seeks to exclude during the course of trial any testimony from the following witnesses:

> (a) Linda Mackey, as she was not incarcerated with plaintiff and the only testimony she can offer relates to Ms. Mackey's own case against defendant and should be excluded for the same reasons set forth in Section (3), above;
>
> (b) Frank Yankovic and Darwin Groomer (plaintiff's criminal attorneys), as

neither were present during any of the alleged sexual assaults and any knowledge they have is hearsay;

(c) Traci Luckett, as the address provided by plaintiff's counsel is not a current address, and defendant has not been able to discover her knowledge prior to trial;

(d) Dana Cummings, Holly Lockart, Dana Lee, Marcus Cooley, and Sandy Hill, as plaintiff has not provided addresses for these witnesses; and

(e) Amber Nix, as the only information that this witness might have relates to a separate incident at the Stone County Jail that did not involve defendant Blumenthal, and therefore her testimony would be irrelevant and unfairly prejudicial to defendant.

Having reviewed the submissions of the parties (and noting that plaintiff does not counter any of defendant's submissions), the Court finds in favor of defendant as to this issue. Therefore, defendant's motion (Doc. No. 62) is **GRANTED** as to this issue.

**IT IS SO ORDERED.**


Date: September 26, 2006　　　　　　　　　S/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge

3